Per Curiam,
There is no case before the court. Writ quashed.
The plaintiffs in error, on March 8, 1889, made a motion for re-argument, filing the following reasons :
“ The aforesaid case-stated is not founded upon the simple desire of the parties thereto to obtain, for their own benefit, the decision of the judges of this court as to the law applicable to the facts therein set forth, nor was it entered into by collusion of said parties for said purpose, but, in truth and in fact, is founded upon an actual dispute and bona fide contention between said parties, involving the rights, not only of dealers in liquor, resident in said Lebanon, but of those resident in a large number of cities throughout the state of Pennsylvania. It is, therefore, a question of great public importance, and a speedy decision of this court thereon would prevent much litigation and expense.
“ Although the money in dispute was not actually paid into court by the plaintiffs in error, yet it was in fact treated as though it had been done under the following agreement, between the said H. T. Hoffman, treasurer of Lebanon county, of the one part, and the plaintiffs in error and twenty-three other dealers in liquor, resident in said Lebanon, of the other part, viz: That each of said parties of the second part should pay the sum of five hundred dollars demanded for their licenses by the said treasurer of Lebanon county, upon the express condition that he, the said treasurer of Lebanon county, would, in case the judgment of this cou-rt fixed a less amount, refund the excess so paid.
“ Hon. J. B. McPherson, A. L. J., before whom the above case-stated was argued in the court below, authorizes us to state to this court that the above case-stated is founded upon an actual dispute and contention; that it was not entered into by collusion of the parties; that it involves a question of great public importance and that he is ready and willing to certify to said state of facts, if this court so desires.
“ The delay in the filing of these reasons in support of the motion for a re-argument of the above case, was caused by the absence from home of said Hon. J. B. McPherson, A. L. J., whom we deemed it necessary to consult, in view of the importance of the case.
*4 “ Your petitioners, therefore, submit to the court that said case-stated, founded on the above mentioned agreement, is the only adequate remedy whereby they could obtain a decision of this court upon the questions-of law involved, and at the same time retain the right to continue in their business.”
Per Curiam,
March 18, 1889.
Re-argument refused.
Note. — In Com. v. Keithan, 1 Mona. 368, a case-stated was held to present no case, which provided that, “if the court be of opinion that the sale of ice cream, cakes and bread, as before recited, was a violation of the Act of April 22, 1794, prohibiting the performance of worldly employment on Sunday, and that the defendant was liable for the payment of said penalty, if the suit had been brought in proper time, then judgment to be entered for the amount of the penalty, etc.” The sales were made May 20, 1888, and suit brought June 4, 1888; the Act provides that prosecution shall be commenced within seventy-two hours after the offense shall be committed. Appeal quashed.
In Gray v. McFall, 1 Mona. 176, a case-stated was framed between a landlord and the sheriff, the landlord claiming, from a fund realized by a sheriff’s sale, a year’s rent due by the defendant in the execution ; it did not appear that the money was paid into court or that there was an agreement to treat it as so paid. To the case-stated is added this agreement (noted in the syllabus but by an oversight omitted from the report), signed by the execution plaintiff : “ The foregoing statement is admitted to be correct for the purpose of having the question in above case decided.” The court below entered judgment for the plaintiff The supreme court quashed an appeal, saying that no case was presented.
In Frailey’s Ap., decided Feb. 25, 1890, the supreme court reversed the judgment of the court below and quashed the defective case-stated, the defect being an amendment objected to by one of the parties.